# UNITED STATES DISCTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DR. JEANNIE BLOM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION FILE NO:** |
| | ) | |
| **v.** | ) | **1:10-CV-0773-JOF** |
| | ) | |
| **WELLSTAR HEALTH SYSTEM, INC.** | ) | |
| **and DR. RICHARD HART,** | ) | |
| | ) | |
| **Defendants,** | ) | |
| | ) | |
| | ) | |

## ANSWER OF DEFENDANTS WELLSTAR HEALTH SYSTEM, INC. AND DR. RICHARD HART TO PLAINTIFF'S AMENDED COMPLAINT

COME NOW Defendants WellStar Health System, Inc. ("WellStar") and

Dr. Richard Hart ("Dr. Hart") (collectively "Defendants") and file their Answer to

Plaintiff's Amended Complaint and hereby state the following defenses to the

Amended Complaint, but do not assume the burden of proof on any such defenses

except as required by applicable law with respect to the particular defense asserted.

Defendants further reserve the right to assert other defenses and/or to otherwise

supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## **AFFIRMATIVE DEFENSES**:

### First Affirmative Defense

Plaintiff's Amended Complaint fails in whole or in part to state claims upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims of intentional discrimination on the basis of gender under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), are barred because Defendant WellStar's actions with respect to Plaintiff have been in all respects based on legitimate, non-discriminatory, non-retaliatory business reasons and, as such, are not unlawful.

### Third Affirmative Defense

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### Fourth Affirmative Defense

Plaintiff's claims for punitive damages fail because Defendants' actions with respect to Plaintiff have in all respects been lawful and do not demonstrate malice or reckless indifference to Plaintiff's rights.

<u>Fifth Affirmative Defense</u>

Plaintiff's claims for punitive damages violate Defendants' constitutional protection from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process, and denial of equal protection of the law.

<u>Sixth Affirmative Defense</u>

To the extent any of the Title VII claims in the Amended Complaint exceed the scope of a Charge of Discrimination filed by Plaintiff, those claims are barred because Plaintiff has failed to meet the prerequisites for bringing those claims.

<u>Seventh Affirmative Defense</u>

To the extent Plaintiff seeks relief for conduct occurring more than 180 days before the filing of a Charge of Discrimination with the EEOC, some or all of Plaintiff's claims under Title VII are barred by the applicable provision in 42 U.S.C. § 2000e-5(e).

<u>Eighth Affirmative Defense</u>

To the extent any representative of Defendant WellStar committed any actions found to be in violation of applicable law, which Defendant WellStar denies, those individuals' actions were committed outside the course and scope of their employment and Defendant WellStar cannot be held responsible under the theory of respondeat superior.

## Ninth Affirmative Defense

To the extent the Amended Complaint seeks relief for an alleged "hostile work environment" or alleged "harassment," such claims are barred because Defendant WellStar maintained, disseminated, and consistently enforced clear policies and procedures prohibiting such conduct, and Plaintiff unreasonably failed to avail herself of those policies or remedial measures.

## Tenth Affirmative Defense

To the extent the Amended Complaint seeks relief for an alleged "hostile work environment" or alleged "harassment," such claims are barred because Defendant WellStar promptly investigated and then took appropriate action in every situation of which Defendant WellStar became aware.

## Eleventh Affirmative Defense

Plaintiff failed to avail herself of the internal procedures for reporting and resolving complaints of alleged harassment or alleged discrimination.

## Twelfth Affirmative Defense

Any damages allegedly sustained by Plaintiff are the result of her own actions or omissions and were not proximately caused by Defendants.

### Thirteenth Affirmative Defense

Plaintiff's claims of retaliation against Defendant WellStar pursuant to Title VII and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, ("FMLA") are barred because Defendant WellStar's actions with respect to Plaintiff have been in all respects based on legitimate, non-discriminatory, non-retaliatory business reasons and, as such, are not unlawful.

### Fourteenth Affirmative Defense

Some or all of Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, unclean hands, and/or laches.

### Fifteenth Affirmative Defense

The employment action(s) taken with respect to Plaintiff were based on reasonable factors other than Plaintiff's gender and were taken for legitimate, non-discriminatory reasons. Even if Plaintiff's gender was a factor in the employment decision(s) taken with respect to Plaintiff, which Defendant WellStar denies, it was not a motivating or determinative factor in any action(s) taken by Defendant WellStar, as Defendant WellStar would have taken such action(s) anyway for legitimate, non-discriminatory reasons.

Sixteenth Affirmative Defense

Defendant WellStar denies that an alleged exercise or attempt to exercise any right granted pursuant to the FMLA or any other impermissible factor played a role in any employment decision(s) relating to Plaintiff.  Even if some impermissible motive were a factor in any such decision(s), however, the same decision(s) would have been reached for legitimate business reasons not related to any alleged exercise or attempt to exercise any right granted pursuant to the FMLA.

Seventeenth Affirmative Defense

Some or all of Plaintiff's claims are barred by a failure to comply with the notice requirements of the FMLA.  *See* 29 C.F.R. § 825.302.

Eighteenth Affirmative Defense

With respect to some or all claims brought by Plaintiff, Defendant WellStar affirmatively pleads that any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the FMLA were not willful but occurred in good faith and WellStar had reasonable grounds for believing that the act(s) or omission(s) did not violate the FMLA.

## Nineteenth Affirmative Defense

Plaintiff's Amended Complaint fails to state a claim for which consequential, additional, or liquidated damages may be granted.

## Twentieth Affirmative Defense

Plaintiff may not recover liquidated damages because neither Defendant WellStar, nor any of its officers, directors, managers, or agents committed any oppressive, willful, wanton, fraudulent, or malicious act or authorized or ratified any such act with respect to Plaintiff, and because Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## Twenty-First Affirmative Defense

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendants, Plaintiff has failed to exercise reasonable diligence to lawfully mitigate or minimize the alleged damages.  Alternatively, any claim for damages must be reduced by any pay, benefits, or other compensation earned by Plaintiff for any period in question.

## Twenty-Second Affirmative Defense

Plaintiff's claims are barred, in or whole or in part, by her consent to the alleged actions on which she bases her claims.

Twenty-Third Affirmative Defense

Some or all of Plaintiff's claims are barred by the doctrine of assumption of risk.

Twenty-Fourth Affirmative Defense

Some or all of Plaintiff's claims are barred by the doctrine of contributory negligence.

Twenty-Fifth Affirmative Defense

Defendants are not liable to Plaintiff in tort.

Twenty-Sixth Affirmative Defense

Defendant WellStar did not reasonably know nor should it have known of any tendency on the part of any employee to engage in behavior that would result in any alleged injuries to Plaintiff or any other employee.

Twenty-Seventh Affirmative Defense

With respect to Plaintiff's allegations against Dr. Hart, which Dr. Hart denies, Plaintiff is not entitled to recover punitive damages, "additional" damages, or attorneys' fees because Dr. Hart did not act with bad faith or with the intent to cause harm to Plaintiff; rather, all actions taken by Dr. Hart with respect to Plaintiff occurred in good faith and were based upon reasonable factors.

<u>Twenty-Eighth Affirmative Defense</u>

Plaintiff's rights, if any, to damages may be barred by after acquired evidence of wrongdoing or impermissible conduct.

<u>Twenty-Ninth Affirmative Defense</u>

Plaintiff's tort claims are barred by the workers' compensation exclusivity.

<u>Thirtieth Defense</u>

Defendants answer each of the numbered and unnumbered paragraphs of the Amended Complaint as follows:

Answering the unnumbered paragraph at the beginning of the Complaint, Defendants admit that Plaintiff files her First Amended Complaint through counsel pursuant to Fed. R. Civ. P. 15(b). Defendants further admit that Plaintiff alleges violations of Title VII, the FMLA, and negligent retention against Defendant WellStar, and tortious interference with employment against Defendant Dr. Hart, but Defendants deny that they violated any of those laws or any other laws.

**<u>INTRODUCTION</u>**

1.

Defendants admit that Plaintiff attempts to allege claims under Title VII, the FMLA and Georgia law and that she seeks money damages, equitable relief and declaratory relief, but deny that Defendants violated any of those laws or any other

laws and deny that Plaintiff is entitled to any relief whatsoever.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 1 of the Amended Complaint.

2.

Defendants admit that Plaintiff was employed by Defendant WellStar from approximately June 2000 to June 2008.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 2 of the Amended Complaint.

3.

Defendants admit that Plaintiff purports to seek injunctive and declaratory relief, back pay, compensatory, punitive and liquidated damages, and attorneys' fees and costs but expressly deny that Plaintiff is entitled to this or any relief whatsoever.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 3 of the Amended Complaint.

4.

Defendants deny the allegations set forth in Paragraph 4 of the Amended Complaint.

## JURISDICTION AND VENUE

### 5.

Defendants admit that this Court has subject matter jurisdiction over Plaintiff's Title VII and FMLA claims.  Defendants further admit that the Court may but is not required to exercise supplemental jurisdiction over Plaintiff's state law claims.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 5 of the Amended Complaint.

### 6.

Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391 given that Plaintiff makes allegations of events allegedly occurring in the Northern District of Georgia.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 6 of the Amended Complaint.

### 7.

Upon information and belief, Defendants admit that, on or about August 1, 2008,  Plaintiff filed a Charge of Discrimination with the EEOC, Charge No. 4102008-05307, alleging claims of sex discrimination and retaliation against Defendant WellStar.  Defendants further admit, upon information and belief that Plaintiff filed an amended Charge of Discrimination with the EEOC on or about September 8, 2009.  Defendants further admit, upon information and belief, that

the EEOC issued a Notice of Right to Sue on Charge No. 410-2008-05307 on or about February 5, 2010.  Defendants expressly deny that they discriminated against Plaintiff on the basis of her gender or retaliated against Plaintiff.  Defendants further deny that Plaintiff has any valid claims of discrimination or retaliation.  Defendants are without knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph 7 of the Amended Complaint and therefore deny the same.

## **PARTIES**

### 8.

Upon information and belief, Defendants admit the allegations set forth in Paragraph 8 of the Amended Complaint.

### 9.

Defendants admit the allegations set forth in Paragraph 9 of the Amended Complaint.

### 10.

Defendants admit the allegations set forth in Paragraph 10 of the Complaint.

### 11.

Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12.

Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

## STATEMENT OF ALLEGED FACTS

13.

Defendants admit that Plaintiff is female and that she was a member of Defendant WellStar's Physician Group from approximately June 2000 to June 2008.  Defendants further admit that Plaintiff entered into a Physicians Services Agreement, and subsequent amendments thereto, with WellStar, and that during her employment Plaintiff became the Medical Director for the Rehabilitation Unit at WellStar's Cobb Hospital.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 13 of the Amended Complaint.

14.

Defendants admit the allegations set forth in Paragraph 14 of the Amended Complaint.

15.

Defendants admit that Plaintiff is certified by the American Board of Physical Medicine and Rehabilitation and had the professional qualifications necessary to hold her position with WellStar.  Defendants deny that Plaintiff holds any other certification recognized by the American Board of Medical Specialties.

Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 15 of the Amended Complaint.

16.

Defendants deny the allegations set forth in Paragraph 16 of the Amended Complaint.

17.

Defendants admit that Plaintiff's last coding audit score was approximately 96%. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 17 of the Amended Complaint.

18.

Defendants admit that Cobb WellStar Rehabilitation Unit has had CARF Accreditation since 1997 to the present, and that the Unit has had Stroke Specialist Certification since 2006 to the present. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 18 of the Amended Complaint.

19.

Defendants admit that Plaintiff received some positive and some negative satisfaction ratings, that Plaintiff received patient referrals, and that Cobb Hospital would receive revenue when a patient referral resulted in an admission. Except as

expressly admitted herein, Defendants deny the allegations set forth in Paragraph 19 of the Amended Complaint.

20.

Defendants deny that there was a "WellStar Top 5 Performers list." Defendants admit that WellStar maintained a Form 990 listing its highest compensated employees each year.  Defendants deny the remaining allegations set forth in Paragraph 20 of the Amended Complaint.

21.

Defendants deny the allegations set forth in Paragraph 21 of the Amended Complaint.

22.

Defendants admit that Plaintiff did not receive a written performance evaluation from WellStar.  Defendants are currently without knowledge and information sufficient to form a belief with respect to the truth of whether Plaintiff's last patient satisfaction survey contains the quotes set forth in Paragraph 22 and therefore deny the same.  To the extent they still exist and can be located, Defendants will produce the patient satisfaction surveys, and such documents will speak for themselves.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 22 of the Amended Complaint.

23.

Defendants admit that Plaintiff's father was ill during part of her employment.  Defendants are without knowledge or information sufficient to form a belief with respect to whether Plaintiff's mother was recovering from a recent hospitalization in early 2008 or whether Plaintiff had a special needs sister in need of care, and therefore deny the same.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 23 of the Amended Complaint.

24.

Defendants deny the allegations set forth in Paragraph 24 of the Amended Complaint.

25.

Defendants deny the allegations set forth in Paragraph 25 of the Amended Complaint.

26.

Defendants deny the allegations set forth in Paragraph 26 of the Amended Complaint.

27.

Defendants deny the allegations set forth in Paragraph 27 of the Amended Complaint.

28.

Defendants deny the allegations set forth in Paragraph 28 of the Amended Complaint.

29.

Defendants deny the allegations set forth in Paragraph 29 of the Amended Complaint.

30.

Defendants deny the allegations set forth in Paragraph 30 of the Amended Complaint.

31.

Defendants deny the allegations set forth in Paragraph 31 of the Amended Complaint.

32.

Defendants deny the allegations set forth in Paragraph 32 of the Amended Complaint.

33.

Defendants deny the allegations set forth in Paragraph 33 of the Amended Complaint.

34.

Defendants deny the allegations set forth in Paragraph 34 of the Amended Complaint.

35.

Defendants deny the allegations set forth in Paragraph 35 of the Amended Complaint.

36.

Defendants deny the allegations set forth in Paragraph 36 of the Amended Complaint.

37.

Defendants deny the allegations set forth in Paragraph 37 of the Amended Complaint.

38.

Defendants deny the allegations set forth in Paragraph 38 of the Amended Complaint.

39.

Defendants deny the allegations set forth in Paragraph 39 of the Amended
Complaint.

40.

Defendants deny the allegations set forth in Paragraph 40 of the Amended
Complaint.

41.

Defendants deny the allegations set forth in Paragraph 41 of the Amended
Complaint.

42.

Defendants deny the allegations set forth in Paragraph 42 of the Amended
Complaint.

43.

Defendants deny the allegations set forth in Paragraph 43 of the Amended
Complaint.

44.

Defendants admit that WellStar investigated allegations made concerning
Plaintiff through an anonymous complaint made through WellStar's compliance

hotline.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 44 of the Amended Complaint.

45.

Defendants deny the allegations set forth in Paragraph 45 of the Amended Complaint.

46.

Defendants deny the allegations set forth in Paragraph 46 of the Amended Complaint.

47.

Defendants admit that Plaintiff demanded that WellStar investigate the individual who had made an anonymous hotline complaint concerning Plaintiff and that, consistent with its goal of not deterring employees from making compliance complaints, WellStar declined her demands.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 47 of the Amended Complaint.

48.

Defendants deny the allegations set forth in Paragraph 48 of the Amended Complaint.

49.

Defendants deny the allegations set forth in Paragraph 49 of the Amended Complaint.

50.

Defendants deny the allegations set forth in Paragraph 50 of the Amended Complaint.

51.

Defendants deny the allegations set forth in Paragraph 51 of the Amended Complaint.

52.

Defendants admit that, as a courtesy to Plaintiff, WellStar treated the termination of her employment as a "termination without cause" under section 8.1 of her Physician Services Agreement and therefore made wage payments to her for ninety days after relieving her of her duties.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 52 of the Amended Complaint.

53.

Defendants deny the allegations set forth in Paragraph 53 of the Amended Complaint.

54.

Defendants deny the allegations set forth in Paragraph 54 of the Amended Complaint.

55.

Upon information and belief, Defendants admit that on or about August 1, 2008, Plaintiff filed a Charge of Discrimination (No. 410-2008-05307) with the EEOC.

56.

Defendants deny the allegations set forth in Paragraph 56 of the Amended Complaint.

57.

Defendants admit that prior to her termination Plaintiff's job performance was poor, which poor performance included but was not limited to her billing procedures.  Defendants deny the remaining allegations set forth in Paragraph 57 of the Amended Complaint.

58.

Defendants deny the allegations set forth in Paragraph 58 of the Amended Complaint.

59.

Upon information and belief, Defendants admit that Plaintiff filed an

amended EEOC Charge alleging retaliation.  Except as expressly admitted herein,

Defendants deny the allegations set forth in Paragraph 59 of the Amended

Complaint.

## COUNT I – DEFENDANT WELLSTAR
## ALLEGED GENDER DISCRIMINATION IN VIOLATION OF
## TITLE VII 42 U.S.C. §2000e *et seq*.

60.

Defendants incorporate their responses to Paragraphs 1 through 59 of the

Amended Complaint as if fully set forth herein.

61.

Defendants deny the allegations set forth in Paragraph 61 of the Amended

Complaint.

62.

Defendants deny the allegations set forth in Paragraph 62 of the Amended

Complaint and expressly deny that Plaintiff is entitled to any relief whatsoever.

## COUNT II-DEFENDANT WELLSTAR
## ALLEGED RETALIATION IN VIOLATION OF
## TITLE VII 42 U.S.C. §2000e *et seq*.

63.

Defendants incorporate their responses to Paragraphs 1 through 62 of the

Amended Complaint as if fully set forth herein.

64.

Defendants deny the allegations set forth in Paragraph 64 of the Amended

Complaint.

65.

Defendants deny the allegations set forth in Paragraph 65 of the Amended

Complaint and expressly deny that Plaintiff is entitled to any relief whatsoever.

**COUNT III – DEFENDANT WELLSTAR**
**ALLEGED VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT,**
**29 U.S.C. §2615(b)**

66.

Defendants incorporate their responses to Paragraphs 1 through 65 of the

Amended Complaint as if fully set forth herein.

67.

Defendants deny the allegations set forth in Paragraph 67 of the Amended

Complaint.

68.

Defendants deny the allegations set forth in Paragraph 68 of the Amended

Complaint and expressly deny that Plaintiff is entitled to any relief whatsoever.

## COUNT IV-DEFENDANT WELLSTAR
## ALLEGED RETALIATION IN VIOLATION OF THE FAMILY AND
## MEDICAL LEAVE ACT, 29 U.S.C. §2615(b)

69.

Defendants incorporate their responses to Paragraphs 1 through 68 of the

Amended Complaint as if fully set forth herein.

70.

Defendants deny the allegations set forth in Paragraph 70 of the Amended

Complaint.

71.

Defendants deny the allegations set forth in Paragraph 71 of the Amended

Complaint and expressly deny that Plaintiff is entitled to any relief whatsoever.

72.

Defendants deny the allegations set forth in Paragraph 72 of the Amended

Complaint and expressly deny that Plaintiff is entitled to any relief whatsoever.

## COUNT V-DEFENDANT HART
## ALLEGED TORTIOUS INTERFENCE WITH EMPLOYMENT
## IN VIOLATION OF GEORGIA LAW

73.

Defendants incorporate their responses to Paragraphs 1 through 72 of the Amended Complaint as if fully set forth herein.

74.

Defendants deny the allegations set forth in Paragraph 74 of the Amended Complaint.

75.

Defendants deny the allegations set forth in Paragraph 75 of the Amended Complaint.

76.

Defendants deny the allegations set forth in Paragraph 76 of the Amended Complaint and expressly deny that Plaintiff is entitled to any relief whatsoever.

77.

Defendants deny the allegations set forth in Paragraph 77 of the Amended Complaint and expressly deny that Plaintiff is entitled to any relief whatsoever.

78.

Defendants deny the allegations set forth in Paragraph 78 of the Amended Complaint and expressly deny that Plaintiff is entitled to any relief whatsoever.

## COUNT VI-DEFENDANT WELLSTAR
## ALLEGED NEGLIGENT RETENTION
## IN VIOLATION OF GEORGIA LAW

79.

Defendants incorporate their responses to Paragraphs 1 through 78 of the Amended Complaint as if fully set forth herein.

80.

Defendants deny the allegations set forth in Paragraph 80 of the Amended Complaint.

81.

Defendants deny the allegations set forth in Paragraph 81 of the Amended Complaint.

82.

Defendants deny the allegations set forth in Paragraph 82 of the Amended Complaint and expressly deny that Plaintiff is entitled to any relief whatsoever.

## COUNT VII-DEFENDANT WELLSTAR
## ALLEGED BREACH OF CONTRACT
## IN VIOLATION OF GEORGIA LAW

83.

Defendants incorporate their responses to Paragraphs 1 through 82 of the Amended Complaint as if fully set forth herein.

84.

Defendants admit that the March 2000 Physician Services Agreement between Plaintiff and WellStar contains the quotation set forth in Paragraph 84 of the Amended Complaint.

85.

Defendants deny the allegations set forth in Paragraph 85 of the Amended Complaint.

86.

Defendants admit that the March 2000 Physician Services Agreement between Plaintiff and WellStar contains the quotation set forth in Paragraph 86 of the Amended Complaint.

87.

Defendants deny the allegations set forth in Paragraph 87 of the Amended Complaint.

88.

Defendants admit that the March 2000 Physician Services Agreement between Plaintiff and WellStar contains the quotation set forth in Paragraph 88 of the Amended Complaint.

89.

Defendants deny the allegations set forth in Paragraph 89 of the Amended Complaint.

90.

Defendants deny the allegations set forth in Paragraph 90 of the Amended Complaint and expressly deny that Plaintiff is entitled to any relief whatsoever.

## PLAINTIFF'S UNNUMBERED PRAYER FOR RELIEF

Defendants deny each and every allegation contained in Plaintiff's Unnumbered Prayer for Relief, subparts 1-8 inclusive, and expressly deny that Plaintiff is entitled to any relief whatsoever.

Defendants expressly deny each and every allegation of the Amended Complaint not specifically admitted herein.

## DEFENDANTS' PRAYER FOR RELIEF

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Defendants respectfully demand and pray that:

a. Judgment be entered in favor of Defendants and against Plaintiff;

b. Plaintiff's Complaint and Amended Complaint be dismissed with prejudice and that all costs of this action be assessed against Plaintiff; and

c. This Court award Defendants such other and further relief including attorneys' fees and expenses as may be justified and allowable by the evidence and the law and as may be deemed appropriate by the Court.

Respectfully submitted this 18th day of June, 2010.

*/s/ Scott G. Blews*
Scott G. Blews
Ga. Bar No. 063390
Lauren H. Zeldin
Ga. Bar No. 368999
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia  30339
Telephone:  (770) 434-6868
Facsimile:  (770) 434-7376
E-mail: sblews@taylorenglish.com
lzeldin@taylorenglish.com
Attorneys for Defendant

**UNITED STATES DISCTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **DR. JEANNIE BLOM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION FILE NO:** |
| | ) | |
| **v.** | ) | **1:10-CV-0773-JOF** |
| | ) | |
| **WELLSTAR HEALTH SYSTEM, INC.** | ) | |
| **and DR. RICHARD HART,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2010, I electronically filed the foregoing Answer of Defendants WellStar Health System, Inc. and Dr. Richard Hart to Plaintiff's Amended Complaint with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record for Plaintiff:

Edward Bryan Krugman, Esq.
Mary Webb Pyrdum, Esq.
Von A. DuBose, Esq.

*/s/ Scott G. Blews*
Attorney for Defendants

31